IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREGORY A. HARPER,**

    **Petitioner,**

    v.                         **CASE NO. 2:05-cv-1003**
                                  **JUDGE WATSON**
**WARDEN, ROSS CORRECTIONAL**
        **INSTITUTION,**                **MAGISTRATE JUDGE KEMP**

    **Respondent.**

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's motion to strike the return of writ, respondent's reply to petitioner's motion to strike, petitioner's response, and the exhibits of the parties. For the reasons that follow, petitioner's motion to strike the return of writ, Doc. No. 14 is **DENIED**; the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**I. PETITIONER'S MOTION TO STRIKE**

Petitioner has filed a motion to strike the return of writ alleging that respondent failed to obtain a second extension of time to file the return of writ, and failed to properly notify petitioner of his second request for an extension of time to file the return of writ. However, contrary to petitioner's allegation, the record reflects that, on January 20, 2006, the Court granted respondent's second request for an extension of time to file the return of writ. The return of writ was due on March 17, 2006, and timely filed on March 15, 2006. Further, aside from a minimal delay in adjudication of these proceedings, petitioner was not prejudiced thereby. Petitioner's motion to

strike, Doc. No. 14, therefore is **DENIED.**

## II.  FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> According to state's evidence, defendant forged signatures on Bureau of Motor Vehicles ("BMV") applications to obtain driver's licenses in the names of Mark Downing, James Jackson, II, Jonathan Alders, and Darren Bidwell. With printed checks bearing the names of the persons in whose name he had obtained driver's licenses, defendant forged the signatures on the checks and used the driver's licenses as identification to pass "bad" checks for the purchase of merchandise at Meijers, Odd Lots, Micro Center, Kroger, and Wal-Mart.
>
> Detective Michael Gray of the Columbus Police Department received forgery reports from the stores, obtained the "bad" checks, and initiated an investigation utilizing the false identification to order documents from the BMV relative to the application process for the falsified driver's licenses. The documents revealed that defendant's photograph was on the licenses issued in the names of Jackson, Alders, Bidwell and Downing. Gray submitted a sample of defendant's writing, the checks, and the BMV applications for driver's licenses to Detective Thomas Bennett, a document examiner for the Columbus Police Department, for handwriting comparison. Bennett confirmed that defendant signed the applications, as well as the various checks in question.
>
> As a result of the investigation, defendant was indicted under five separate indictments for a total of twenty-nine counts:
> In case number 99CR-03-1601, defendant was charged with forgery, theft, possessing criminal tools, and tampering with records as it pertained to Jonathan Alders.
>
> On case number 99CR-03-1602, defendant was charged with forgery, receiving stolen property, possessing criminal tools, and tampering with records as it pertained to James Jackson, II.
>
> On case number 99CR-1611, defendant was charged with forgery, receiving stolen property, possessing criminal tools, and tampering with records as it relates to Mark Downing.
> On case number 99CR-2938, defendant was charged with forgery,

> receiving stolen property, tampering with records, and possessing criminal tools as it relates to James Jackson, II.
>
> On case number 99CR-3111, defendant was charged with forgery, possessing criminal tools, and receiving stolen property as it relates to Darren Bidwell.
>
> The matters were consolidated for a jury trial[.]

Exhibit 8 to Return of Writ. On November 24, 1999, while represented by counsel and after a jury trial, petitioner was found guilty of multiple counts of forgery, theft, possession of criminal tools, tampering with records, and receiving stolen property. *See* Exhibits 1a, 2a, 3a, 4a, and 5a. He was sentenced to an aggregate term of 21 years incarceration. *Id.* Represented by new counsel, petitioner filed a timely appeal of his convictions to the Tenth District Court of Appeals. He asserted the following assignments of error:

> *ASSIGNMENT OF ERROR NUMBER ONE*
>
> THE TRIAL COURT ERRED AND DEPRIVED THE APPELLANT OF DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION BY ENTERING JUDGMENTS OF CONVICTION WHERE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE AND WHERE SUCH CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
>
> *ASSIGNMENT OF ERROR NUMBER TWO*
>
> THE TRIAL COURT ERRED AND DEPRIVED THE APPELLANT OF DUE PROCESS BY FAILING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF FALSIFICATION AND INSTEAD INSTRUCTED THE JURY SOLELY ON TAMPERING WITH RECORDS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND OHIO RULE OF CRIMINAL PROCEDURE 30(A).

> *ASSIGNMENT OF ERROR NUMBER THREE*
>
> THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF OHIO RULE OF CRIMINAL PROCEDURE 29.
>
> *ASSIGNMENT OF ERROR NUMBER FOUR*
>
> THE TRIAL COURT [ERRED WHEN IT] IMPOSED CONSECUTIVE SENTENCES IN VIOLATION OF OHIO REVISED CODE SECTIONS 2929.14(E)(4) AND 2953.08(C).
>
> *ASSIGNMENT OF ERROR NUMBER FIVE*
>
> THE TRIAL COURT ERRED WHEN IT ALLOWED TESTIMONY AND ADMITTED EVIDENCE IN VIOLATION OF OHIO RULES OF EVIDENCE 803 AND 902.
>
> *ASSIGNMENT OF ERROR NUMBER SIX*
>
> APPELLANT'S CONVICTIONS RESULTED FROM A DENIAL OF THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 9 AND 10 OF THE OHIO CONSTITUTION.

*See* Exhibit 8 to Return of Writ. On December 21, 2000, the state appellate court sustained petitioner's fourth assignment of error but otherwise affirmed the judgment of the trial court, and remanded the case to the trial court for re-sentencing. *Id.* Still represented by counsel, petitioner filed a timely appeal to the Ohio Supreme Court. He raised the following propositions of law:

> 1. Reversal of a conviction is warranted when an appellant is deprived of due process as guaranteed by the United States and Ohio Constitutions and suffers convictions based on insufficient evidence and against the manifest weight of the evidence.

4

> 2. Reversal of a conviction is warranted when an appellant is deprived of due process as guaranteed by the United States and Ohio Constitutions when the jury should have been instructed on the lesser included offense of falsification but was not.
>
> 3. Reversal of a conviction is warranted when an appellant is deprived of due process as guaranteed by the United States and Ohio Constitutions by an erroneous denial of a motion for acquittal pursuant to Ohio Rule of Criminal Procedure 29.
>
> 4. Reversal of a conviction is warranted when an appellant is deprived of due process as guaranteed by the United States and Ohio Constitutions when evidence is admitted in violation of Ohio rule of Evidence 902.
>
> 5. Reversal of a conviction is warranted when an appellant is denied effective assistance of counsel as guaranteed by the United States and Ohio Constitutions.

Exhibit 9 to Return of Writ. On May 2, 2001, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question. Exhibit 11 to Return of Writ.

Meanwhile, on January 19, 2001, after a hearing, the trial court re-sentenced petitioner to an aggregate term of 21 years incarceration. Exhibits 12-16 to Return of Writ. Represented by yet new counsel, petitioner again filed a timely appeal of his sentence. He asserted:

> When a trial court is reversed on direct appeal, and shows his bias at the resentencing hearing, the constitutional right to a fair sentence for the accused is violated, contra the Fourth, Fifth, Sixth and Fourteenth Amendments.

Exhibit 17 to Return of Writ. On December 31, 2000, the appellate court again affirmed the judgment of the trial court. Exhibit 19 to Return of Writ. Petitioner never filed a timely appeal;

5

however, on April 1, 2002, he filed a *pro se* motion for delayed appeal with the Ohio Supreme Court. On May 1, 2002, the Ohio Supreme Court denied petitioner's motion. Exhibit 20 to Return of Writ. On October 22, 2004, petitioner also filed a *pro se* delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). Exhibit 21 to Return of Writ. On January 20, 2005, the state appellate court denied his application for failure to show good cause for the untimely filing. Exhibit 21A to Return of Writ. On May 25, 2005, the Ohio Supreme Court denied petitioner's subsequent appeal. Exhibit 22 to Return of Writ.

On November 3, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He signed the petition on October 23, 2005. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Denial of effective assistance of counsel and fast and speedy trial.
>
> 2. Excessive time for felony fives and stacking charges against me.
>
> 3. Denial of due process [and] of a fair and impartial jury trial.
>
> 4. Biased judge and consolidating indictments.

It is the position of the respondent that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

### III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

>(d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of -
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, petitioner's conviction became final on February 14, 2002, forty-five days after the state appellate court's December 31, 2001, decision affirming the trial court's re-sentencing, when the time period expired to file a timely appeal to the Ohio Supreme Court.  *See* Ohio Supreme Court Rule of Practice II, Section 2(A)(1); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).  The statute of limitations ran for forty-six days until April 1, 2002, when petitioner filed a motion for delayed appeal with the Ohio Supreme Court.  The statute of limitations was tolled pursuant to 28 U.S.C. §2244(d)(2) until July 30, 2002, ninety days

7

after the Ohio Supreme Court's May 1, 2002, denial of petitioner's motion for delayed appeal, when the time period to file a petition for a writ of *certiorari* expired.  *Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896, 897 (6th cir. 2005), citing *Abela v. Martin*, 348 F.3d 154, 171-72 (6th Cir. 2003); *Jenkins v. Hurley*, 2006 WL 694635 (S.D. Ohio March 13, 2006).  The statute of limitations expired 319 days later, on June 14, 2003.  Petitioner's October 22, 2004, delayed 26(B) application did not toll the running of the statute of limitations, since such action was filed long after the statute of limitations had already expired.  "The tolling provision does not... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).

The instant petition was not signed until October 23, 2005, nor filed until November 11, 2005, long after the statute of limitations had expired.  Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations.  *See Jurado v. Burt,* 337 F.3d 638, 643 (6th Cir. 2003).  The Magistrate Judge therefore **RECOMMENDS** that this action be **DISMISSED** as time-barred under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the

magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


```
/s/ Terence P. Kemp
United States Magistrate Judge
```